**UNITED STATES of America,
Appellant,**

v.

**Lee HOFFMAN and Judy Hoffman,
husband and wife, Appellees.**

**No. 22093.**

United States Court of Appeals,
Ninth Circuit.

March 27, 1970.

* Hon. J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

Grant T. Wiprud (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Ore., Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, K. Martin Worthy, Chief Counsel, I. R. C., Washington, D. C., for appellant.

James R. Moore (argued), of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for appellees.

Before CHAMBERS, HAMLIN and ELY, Circuit Judges.

PER CURIAM:

Taxpayers sued the United States for recovery of income taxes paid for the years 1958–1961. They claimed losses arising from payments to a bonding company under an agreement by which the taxpayers agreed to indemnify the company for losses it sustained as guarantor of performance of construction contracts made by the taxpayers' family corporation. The issue on appeal is whether the indemnity payments were deductible as ordinary losses incurred in a transaction entered into for profit though not connected with taxpayers' trade or business within the provision of I.R.C. § 165(c) (2). The Third Circuit in Stratmore v. United States, 420 F.2d 461 (Jan. 6, 1970) thoroughly considered this issue. Taxpayers in Stratmore suffered losses as guarantors of loans to their family corporation. That the Stratmores were guarantors and the Hoffmans were indemnitors is not a persuasive distinction between the two cases. In Stratmore the court found it unnecessary to probe the claimed similarity of the guarantee agreement to an indemnity agreement. Instead, the court examined economic reality and congressional purpose in arriving at its conclusion that the essence of Putnam v. Commissioner of Internal Revenue, 352 U.S. 82, 77 S.Ct. 175, 1 L.Ed.2d 144 (1956) was to protect the statutory scheme for a common tax treatment of all losses suffered by a corporate stockholder in providing his corporation with financing. We agree with this approach.

Upon the basis of the result reached, and the reasoning contained in Stratmore v. United States, 420 F.2d 461 (3d Cir., 1970), the judgment appealed from is reversed.